IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETTY CAMPBELL-BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| BERKSHIRE NURSING & | ) | |
| REHABILITATION CENTER, LLC | ) | (Jury Demand Endorsed Hereon) |
| d/b/a APERION CARE FOREST | ) | |
| PARK, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, BETTY CAMPBELL-BERRY, by her counsel, Drost, Gilbert, Andrew & Apicella, LLC, complaining of Defendant BERKSHIRE NURSING & REHABILITATION CENTER, LLC, d/b/a APERION CARE FOREST PARK (hereinafter "BERKSHIRE"), states:

1. This case stems from Defendant's discriminatory and retaliatory termination of Plaintiff's employment in violation of the Americans with Disabilities Act (ADA), the Illinois Worker's Compensation Act and Illinois common law.

## PARTIES

2. Plaintiff, BETTY CAMPBELL-BERRY, is an individual resident of Cook County, Illinois.

3. Defendant, BERKSHIRE, is a limited liability corporation doing business in the State of Illinois with its principal office located at 8131 N. Monticello Ave., Skokie, Cook County, Illinois.

## JURISDICTION AND VENUE

4. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

5.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendant employed Plaintiff in this judicial district, Defendant's principal office is in this judicial district, Plaintiff resides in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

### Count I – Worker's Compensation Retaliatory Discharge

6.   Defendant, BERKSHIRE, is a nursing home and rehabilitation facility that provides nursing care and other services for resident patients.

7.   On or before January 23, 2004 Plaintiff began working for BERKSHIRE as a nursing assistant.

8.   Plaintiff's job duties included taking patients' vital signs, assisting patients with eating, personal care and hygiene, among others.

9.   In August of 2013 Plaintiff sustained a torn rotator cuff while she was performing her job duties assisting a patient.

10. Plaintiff thereafter went on temporary medical leave to undergo surgery and physical therapy for her torn rotator cuff, and Plaintiff returned to work on or about July 23, 2014.

11. On or about August 7, 2014 Plaintiff exercised her rights granted under the Worker's Compensation Act by filing a Worker's Compensation claim to which the case number 14 WC 26868 was assigned.

12. BERKSHIRE was the named respondent in the Worker's Compensation case and was accordingly made aware of the claim.

13. BERKSHIRE and Plaintiff eventually reached a settlement in Plaintiff's Worker's Compensation case.

14. Upon Plaintiff's return to work, on or about July 23, 2014, BERKSHIRE assigned Plaintiff various duties including, but not limited to, answering patients' call lights, feeding

patients, grooming patients, making beds, cleaning, dusting, monitoring patients at meal time, and escorting patients to their medical appointments.

15. On or about February of 2015, BERKSHIRE permanently assigned Plaintiff to a new job position as a dietary aide.

16. Plaintiff's job duties included assisting the kitchen staff with meal preparation for the residents/patients.

17. Plaintiff worked in the position of dietary aide for approximately eight (8) months during which time Plaintiff was able to perform her essential job functions with reasonable accommodation.

18. On or before October 20, 2015, a representative of BERKSHIRE's human resources department named Carmen informed Plaintiff that Plaintiff had "signed her job away" when she went downtown and collected, "that big fat check," referring to Plaintiff's Worker's Compensation settlement.

19. BERKSHIRE terminated Plaintiff's employment on or before October 23, 2015.

20. BERKSHIRE terminated Plaintiff in retaliation for Plaintiff's having filed the Worker's Compensation claim.

21. Plaintiff has suffered severe and egregious damages as a direct and proximate result of Defendant's unlawful conduct as alleged herein.

WHEREFORE, Plaintiff, BETTY CAMPBELL-BERRY, demands judgment in her favor against Defendant, BERKSHIRE NURSING & REHABILITATION CENTER, LLC, d/b/a APERION CARE FOREST PARK, for:

1.  lost wages, front pay, and compensatory damages;

2.  prejudgment and post-judgment interest;

3.  the costs of this action and litigation expenses, including without limitation reasonable attorneys' and expert fees; and

4. such other and further relief as the Court may deem just and proper, including without limitation, punitive damages.

**<ins>Count II – Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12112, *et seq.*</ins>**

22. Plaintiff restates and incorporates the allegations in paragraphs 1 through 10 of Count I as if fully stated hereunder.

23. Upon returning to work on or about July 23, 2014, Plaintiff was medically restricted from performing overhead and balancing tasks.

24. Plaintiff made BERKSHIRE aware of Plaintiff's permanent medical restriction.

25. Plaintiff is disabled under the Americans with Disabilities Act of 1990 (the "Act"), because her medical restriction constitutes a physical impairment that substantially limits one or more of Plaintiff's major life activities including, but not limited to, lifting. *See* 42 U.S.C. §12102.

26. Plaintiff is a member of the protected class because she is physically disabled.

27. Upon Plaintiff's return to work, on or about July 23, 2014, BERKSHIRE assigned Plaintiff various duties including, but not limited to, answering patients' call lights, feeding patients, grooming patients, making beds, cleaning, dusting, monitoring patients at meal time, and escorting patients to their medical appointments.

28. On or about February of 2015, BERKSHIRE permanently assigned Plaintiff to a new job position as a dietary aide.

29. Plaintiff's job duties included assisting the kitchen staff with meal preparation for the residents/patients.

30. Plaintiff worked in the position of dietary aide for approximately eight (8) months, during which time she was competent to perform, and was performing, all of her work in a manner that met and/or exceeded Defendant's legitimate expectations.

31. On or about October 15, 2015, BERKSHIRE Administrator, Lisa Ulbert, informed Plaintiff she was going to be terminated because of the existence of her medical restrictions.

32. Plaintiff was subjected to adverse job action when BERKSHIRE discharged Plaintiff on or before October 23, 2015.

33. Plaintiff's disability was the reason for her discharge.

34. BERKSHIRE treated similarly situated employees, who were not disabled, more favorably in that BERKSHIRE did not discharge any other employees whose duties included meal preparation.

35. Plaintiff properly filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act. *Attached hereto as Exhibit "A" and incorporated herein for reference, is a true and correct copy of Plaintiff's Charge of Discrimination.*

36. Plaintiff received a Notice of Right-To-Sue dated February 24, 2017, from the EEOC for her Charge of Discrimination. *Attached hereto as Exhibit "B" and incorporated herein for reference, is a true and correct copy of Plaintiff's Notices of Right to Sue from the EEOC.*

37. Plaintiff properly exhausted all administrative requirements and initiated litigation within ninety (90) days of receiving the Notice of Right-To-Sue.

38. Plaintiff has suffered severe and egregious injury and damage as a direct and proximate result of Defendant's unlawful conduct as alleged herein.

WHEREFORE, Plaintiff, BETTY CAMPBELL-BERRY, demands judgment in her favor against Defendant, BERKSHIRE NURSING & REHABILITATION CENTER, LLC, d/b/a APERION CARE FOREST PARK, for:

1. lost wages, front pay, and compensatory damages;

2.  prejudgment and post-judgment interest;

3. the costs of this action and litigation expenses, including without limitation reasonable attorneys' and expert fees; and

4. such other and further relief as the Court may deem just and proper, including without limitation, punitive damages.

Respectfully submitted,


/s/Kenneth C. Apicella
Kenneth C. Apicella
kca@dgaalaw.com
Susan Mills-Martinez
smm@dgaalaw.com
Drost, Gilbert, Andrew & Apicella, LLC
4811 Emerson Ave, Ste. 110
Palatine, IL 60067
P: (847) 934-6000
F: (847) 934-6040
*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff, BETTY CAMPBELL-BERRY, hereby demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

/s/Kenneth C. Apicella

One of the Attorneys for Plaintiff


6